## TUTORSHIP OF BATES.

A family meeting must be composed of five relations, or, in default of relations, of five friends of the minor. C. C. 305. The under-tutor cannot be a member of a family meeting, though he must be present for the purpose of advising. C. C. 302.

TUTORSHIP
OF
BATES.

Where a tutrix is deprived of the tutorship by marrying a second time without having convened a family meeting to decide whether she shall remain tutrix, the appointment of under-tutor does not cease with that of the tutrix. It is, under such circumstances, the duty of the under-tutor to provoke the appointment of a tutor.  C. C. 303.

APPEAL from the Court of Probates of Bossier, *Scott*, J.  *Lawson*, for the appellants.  *Evans*, contrâ.  The judgment of the court was pronounced by

SLIDELL, J.  There is a motion to dismiss this appeal.  It was made returnable to Alexandria by an order of the District Court for the parish of Bossier, in November, 1846.  Subsequently the case fell under the operation of the act of 24th April, 1847, which directed that appeals from the parish of Bossier, made returnable to the Supreme Court at Alexandria and not filed in the court at that place before the establishment of a term of the Supreme Court at Monroe, should be returned, filed, and tried, in the Supreme Court at Monroe, in the same manner as other cases, &c.  Under this legislation we consider it our duty to hear this cause at this place.  The appellee objects that he has had no notice whatever of this appeal, nor of any of the proceedings in the cause in the District Court after a former dismissal by this court.  It appears by the record that the order of November, 1846, was made in the presence of the appellee, "who took cognisance of said appeal."  The appellee is presumed to know the provisions of the act of 1847, giving this court authority to hear the cause at this place.

The appellant opposed the homologation of the proceedings of the family meeting which advised the appointment of *E. D. McMullen* as tutrix, on various grounds, one of which only is it necessary to notice.

A family meeting must be composed of five relations, or, in default of relations, friends of the minor.  C. C. 305.  Five persons are necessary to constitute the meeting.  The under-tutor cannot be a member of the family meeting, but he must be present for the purpose of advising—il devra y être appellé, et y aura voix consultative.  C. C. 302.  In this case *Thomas Sutton* acted both as a member of the family meeting and as under-tutor, and signs the proceedings in both capacities.  The family meeting must be considered as having been composed of four persons only, and this irregularity vitiates the proceedings.

It is said that when the former tutrix became deprived of the tutorship by her marriage, the appointment of the under-tutor fell with it.  This is incorrect.  When that event occurred, the law made it expressly the duty of the under-tutor to provoke the appointment of a tutor.  C. C. 303.

It is therefore decreed that the judgment of the court below be reversed ; that the opposition of the said *Richard E. Bates* be sustained ; that the application for the homologation of the proceedings of the family meeting be dismissed; and that the proceedings of said meeting and the order therefor, be set aside ; the appellee paying the costs of this appeal.